UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA MERITO and all others similarly situated under 29 U.S.C. 216(B)** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No: _____ |
| **FRANCIA NEGRETE d/b/a EL PUEBLO RESTAURANTE and FRANCIA KARINA NEGRETE,** | § § § § § | |
| **Defendants.** | § § | |

### COMPLAINT UNDER 29 U.S.C. 201- 216 FOR MINIMUM WAGE VIOLATIONS

Plaintiff, MARIA MERITO, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this her Complaint Under 29 U.S.C. 201-206 for Minimum Wage Violations against Defendants **FRANCIA NEGRETE d/b/a EL PUEBLO RESTAURANTE** and **FRANCIA KARINA NEGRETE**, (collectively, "Defendants") and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff MARIA MERITO was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant, FRANCIA NEGRETE d/b/a EL PUEBLO RESTAURANTE ("**Defendant El Pueblo Restaurante**") is an unincorporated entity and is a doing business as ("d/b/a) of Francia Negrete who is a resident of Dallas County, works in Dallas County, and regularly transacts business within Dallas County, and may be served at the business

establishment named "El Pueblo Restaurante" located at **525 E. Jefferson Blvd., Dallas, TX 75203** through owner Francia Negrete or wherever found or as allowed by law.  Further, upon information and belief, Defendant El Pueblo Restaurante was an FLSA employer and/or joint employer of Plaintiff for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, **FRANCIA KARINA NEGRETE**, is an officer, owner, and/or manager of  Defendant El Pueblo Restaurante, who runs  and has authority to run the  day-to-day operations of Defendant El Pueblo Restaurante for the relevant time period and was responsible for and had authority over the payment and terms of Plaintiff's wages for the relevant time period and controlled Plaintiff's work, wages, and schedule and/or acted in the interest of  Defendant El Pueblo Restaurante such that she was therefore one of Plaintiff's FLSA employers as defined by 29 U.S.C. 203.

5. This case is properly venued in the Northern District of Texas, Dallas Division as corporate defendant Defendant El Pueblo Restaurante regularly transact business in this District and Division and a substantial part of the relevant acts or omissions giving rise to this dispute took place in the Northern District of Texas and Dallas Division.  Further, Defendant El Pueblo Restaurante is a d/b/a of its owner Francia Negrete who lives, resides, and works in Dallas County, Texas and is a resident of the State of Texas.

### COUNT I.  FEDERAL MINIMUM WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B).  It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid minimum wages for work performed in a given work week from the filing of this Complaint back three years.  All acts or omissions giving rise to this dispute took place in Dallas County.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. Plaintiff, MARIA MERITO, worked for Defendants as a restaurant worker from on or about April 15, 2018 to on or about May 15, 2019 (the "relevant time period").

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant El Pueblo Restaurante had gross sales or business done in excess of $500,000 annually for the years 2017, 2018, and 2019.

12. Upon information and belief, the Defendant El Pueblo Restaurante is expected to have gross sales or business done in excess of $500,000 annually for the year 2020.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Between the period of on or about April 15, 2018 through on or about May 15, 2019, Plaintiff worked an average of 40 to 45 hours per week for Defendants, but was only paid and average of $4.00/hr for each hour worked.  Said payment of $4.00/hr is in violation of the Fair Labor Standards Act as said payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage of $7.25/hr.

16. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore a claiming minimum wage violations for all hours worked for Defendants.

17. Plaintiff was required to perform substantial and significant cleaning and non-waitress duties as part of her employment with Defendants.  Such cleaning and non-waitress activities were not *de minimis*.  Instead such cleaning and non-waitress were sufficient such that Defendants are not eligible for the tip credit and related exemption to pay below minimum wage.

18. Further, Defendants failed to informed their employees (including Plaintiff) of the provisions of FLSA section 3(m) in advance, making the tip credit and related exemption inapplicable to use in paying below minimum wage.

19. Furthermore, Defendants failed to accurately maintain records of tips, as required by both regulation and statute, to ensure that during all wage periods sufficient tips were received

by Defendants' employees (including Plaintiff) such that their wages were brought above minimum wage for each and every workweek during the relevant time period. Such failure makes the tip credit and related exemption inapplicable to use in paying below minimum wage.

20. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

21. Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

22. *Plaintiff requests a trial by jury.*

                                                **Respectfully submitted,**

                                                **URQUIDEZ LAW FIRM, LLC**

                                                ***/s/ Thomas J. Urquidez***
                                                Thomas J. Urquidez
                                                State Bar No. 24052001
                                                5440 Harvest Hill, Suite 234
                                                Dallas, Texas 75230
                                                E-mail: tom@tru-legal.com
                                                Phone: 214-420-3366
                                                Fax:    214-206-9802
                                                **COUNSEL FOR PLAINTIFF**
                                                **MARIA MERITO**